IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jerald Wheat, | : | |
| Plaintiff, | : | Case No. 2:06-cv-1057 |
| | : | Judge Sargus |
| v. | : | Magistrate Judge Kemp |
| Donald Rumsfeld, et al., | : | |
| Defendants. | | |

| | | |
|---|---|---|
| Jerald Wheat, | : | Case No. 2:07-CV-1033 |
| Plaintiff, | : | |
| v. | : | Judge Sargus |
| Robert M. Gates, et al., | : | Magistrate Judge Kemp |
| Defendants. | | |

OPINION AND ORDER

These two cases are before the Court to consider whether they should be dismissed for failure to prosecute. For the following reasons, the Court has decided that such a dismissal is appropriate.

I.

The facts which have led the Court to its decision can be summarized as follows. First, defendants filed a motion to compel discovery on January 29, 2009, indicating that plaintiff had responded to only three of nineteen interrogatories sent to him, and had not produced any documents in response to a document request. Plaintiff never responded to the motion and the Court granted it, directing plaintiff to serve defendants' counsel with his discovery responses by March 31, 2009. He was cautioned in that if he did not provide the discovery which defendants sought, sanctions up to and including dismissal of the case could be imposed. He was also ordered to file an affidavit explaining why he did not attend the settlement conference which was

scheduled in this case for March 12, 2009, and which was attended by defendants and by the mediator.

Plaintiff never filed the affidavit. Further, as reflected in defendants' motion to dismiss for lack of prosecution, he never complied with that portion of the order regarding discovery. Finally, he has not responded to the motion to dismiss even though it was filed more than a month ago. The Court's Local Civil Rules provide that any response to a motion is due 21 days after the motion is filed.

II.

If the plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed. R. Civ. P. 41(b). Link v. Wabash R. Co., 370 U.S. 626 (1962); Boudwin v. Graystone Insurance Co., 756 F.2d 399 (5th Cir. 1985). Dismissal for failure to prosecute can occur where, for example, a plaintiff fails to respond to an order directing that he file a brief. Dynes v. Army Air Force Exchange Service, 720 F.2d 1495 (11th Cir. 1983). Ordinarily, some notice of the court's intention to dismiss for failure to prosecute is required, see Harris v.Callwood, 844 F.2d 1254 (6th Cir. 1988), but that requirement is met if the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs. Sepia Enterprises, Inc. v. City of Toledo, 462 F.2d 1315 (6th Cir. 1972)(per curiam). Dismissal may also be an appropriate sanction for failing to comply with an order compelling discovery. See Fed.R.Civ.P. 37(a).

Here, Mr. Wheat has failed to carry out a number of his responsibilities as the person who filed this lawsuit. He has not provided full discovery to defendants and has disregarded a discovery order. He failed to attend a settlement conference and disregarded an order directing him to explain that failure. He has not responded to a motion requesting dismissal of his cases. Finally, he was warned by the Court in a prior order that such failures could lead to dismissal. Given what has occurred, it is unreasonable to continue to subject the defendants to obligation of defending these cases when their ability to do so has been stymied by Mr. Wheat's inaction. Consequently, the Court concludes that dismissal is appropriate.

III.

For the foregoing reasons, defendants' motion to dismiss these consolidated cases (Docs.

#40 filed in Case No. 2:06-cv-1057 and #25 filed in Case No. 2:07-cv-1033) are GRANTED. The cases are DISMISSED WITH PREJUDICE for failure to prosecute. The Clerk shall enter judgment accordingly.

Date: 5-20-2009

Edmund A. Sargus, Jr.
United States District Judge